FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**  02 SEP 10 AM 9:55
**TAMPA DIVISION**

CLERK, U S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

PETER MOLODECKI, SR.,

      Plaintiff,

vs.

                              Case No.  8:00-CV-2469-T-17F

ROBERTSON DISPLAY, INC.,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court for consideration of Defendant's Motion to Strike Plaintiff's Affidavit Filed in Support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Memorandum of Law in support thereof (Dkt. Nos. 26-27); Plaintiff's Response in Opposition to Defendant's Motion to Strike Affidavit (Dkt. No. 28); and Affidavit of Peter Molodecki, Sr. (Dkt. No. 25).

### Background

Plaintiff, Peter Molodecki, Sr. (Plaintiff), filed suit in this Court on December 4, 2000, alleging that Defendant, Robertson Display, Incorporated (Defendant), discriminated against him on the basis of age, in violation of the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FCRA).  Defendant then moved for summary judgment, arguing that Plaintiff cannot establish a *prima facie* case of age discrimination under the ADEA or the FCRA because Plaintiff did not suffer adverse employment action.  In support of his opposition to Defendant's Motion for Summary Judgment, Plaintiff

31

Case No. 8:00-CV-2469-T-17F

submitted his own affidavit, attaching a self-transcribed tape-recorded conversation that he had with Lex Robertson, Sr., Lex Robertson, Jr., and Tom Vollmar.  Defendant now moves to strike the affidavit on the grounds that it was illegally obtained and, thus, inadmissible.

## Standard of Review

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter" upon motion by any party.  Fed. R. Civ. P. 12(f).  A motion to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Story v. Sunshine Foliage World, Inc., 120 F.Supp.2d 1027, 1030 (M.D. Fla. 2000) (quoting Seibel v. Society Lease, Inc., 969 F.Supp. 713, 715 (M.D. Fla. 1997)).

An affidavit submitted in connection with a summary judgment motion is subject to a motion to strike if it does not meet the standards set forth under Rule 56(e) of the Federal Rules of Civil Procedure.  Id. (citing Barnebey v. E.F. Hutton & Co., 715 F.Supp. 1512 (M.D. Fla. 1989)).  Rule 56(e) provides that an affidavit "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein."  Fed. R. Civ. P. 56(e).  As such, an affidavit must be stricken when it is a conclusory argument, rather than a statement of fact, or when the affidavit is not based on personal knowledge.  Story, 120 F.Supp. at 1030.  Moreover, because affidavits must be based on personal knowledge, an affidavit based on nothing more than "information and belief" is not

Case No. 8:00-CV-2469-T-17F

sufficient as a matter of law and is subject to a motion to strike. Id. (citing Barnebey, 715 F.Supp. at 1512). Finally, because the court may only consider evidence that would be admissible at trial, the court may not consider inadmissible hearsay when deciding a motion for summary judgment, and the court may strike the inadmissible portions of the affidavit and consider the rest. Id.

## Discussion

Here, Plaintiff's affidavit attests to a tape-recorded conversation that he had with Lex Robertson, Sr., Lex Robertson, Jr., and Tom Vollmar at Defendant's place of business. Attached to the affidavit is Plaintiff's own transcript of the tape-recorded conversation. There is no dispute that the information contained in the affidavit is based on Plaintiff's first-hand knowledge; however, the dispute arises as to whether the tape-recorded conversation is admissible evidence that can used to support Plaintiff's opposition to Defendant's Motion for Summary Judgment.

Defendant first moves to strike the affidavit on the grounds that it was obtained in violation of Florida law and, therefore, is inadmissible. Section 934.03 of the Florida Statutes provides, in pertinent part, that any person who "[i]ntentionally uses, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication" shall be guilty of a felony of the third degree. Fla. Stat. § 934.03. An oral communication is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." Id. § 934.02(2).

Case No. 8:00-CV-2469-T-17F

Thus, an oral communication is protected under this section if it satisfies two conditions: "'A reasonable expectation of privacy under a given set of circumstances depends upon one's actual subjective expectation of privacy *as well as whether society is prepared to recognize* this expectation as reasonable.'" Jatar v. Lamaletto, 758 S.2d 1167, 1169(Fla. Dist. App. 3d 2000)(quoting State v. Inciarrano, 473 S.2d 1272, 1275 (Fla. 1985)) (emphasis in original).

Here, Plaintiff recorded a conversation between himself, his boss, and some of Defendant's other employees at the business office.  Because there was no reasonable expectation of privacy as to the conversation that took place between the four men at their place of employment, the Court finds that the tape-recorded conversation does not violate Florida law.

Next, Defendant argues that the transcript is hearsay and, thus, inadmissible.  Federal Rule of Evidence 801 defines hearsay as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801.  Two elements must be present before an out-of-court statement will be rendered inadmissible as hearsay: 1) the out-of-court statement must be a verbal assertion or conduct intended as an assertion; and 2) the statement must be offered to prove the truth of the matter that it asserts. U.S. v. Cruz, 805 F.2d 1464, 1477-1478 (11th Cir. 1986) (citations omitted).  Therefore, "verbal or nonverbal conduct, when it is offered as a basis for inferring something other than the matter asserted," is excluded from the hearsay rule. Cruz, 805 F.2d at 1464.  "Consequently, an utterance may be admitted to show the effect it has on a hearer.

4

Case No. 8:00-CV-2469-T-17F

Such verbal acts are not in the first instance assertive statements and [are] not offered to prove the truth of the matter asserted." Id.

However, Federal Rule of Evidence 801(d) defines an admission by a party opponent as not hearsay if the statement is offered against a party and the statement was made by the employer's "agent or servant concerning a matter within the scope of his agency or employment [and] made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D). Here, Plaintiff is attempting to offer statements against Defendant that were made by agents of Defendant and that were made concerning a matter within the scope of Plaintiff's employment. Therefore, the Court finds that the affidavit is not hearsay.

Finally, Federal Rule of Evidence Rule 1002 provides that, to prove the content of a recording, the original recording is required. As such, the Court finds that the tape of the recorded conversation is the best evidence of the conversation. Therefore, Plaintiff's affidavit is not admissible and must be stricken from the record. Accordingly, it is

Case No. 8:00-CV-2469-T-17F

**ORDERED** that Defendant's Motion to Strike Plaintiff's Affidavit Filed in Support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment(Dkt. No. 26) be **GRANTED**; and Affidavit of Peter Molodecki, Sr. (Dkt. No. 25) be **STRICKEN**.

**DONE AND ORDERED** at Tampa, Florida this 10th day of September, 2002.

Elizabeth A. Kovachevich
Chief United States District Judge

Copies to:
All parties and counsel of record

6

F I L E    C O P Y

Date Printed: 09/11/2002


Notice sent to:          *BF 00- 2469*

    ____  Wolfgang M. Florin, Esq.
        Florin, Roebig & Walker, P.A.
        777 Alderman Rd.
        Palm Harbor, FL  34683

    ____  Angela E. Outten, Esq.
        Florin, Roebig & Walker, P.A.
        777 Alderman Rd.
        Palm Harbor, FL  34683

    ____  Christopher D. Gray, Esq.
        Florin, Roebig & Walker, P.A.
        777 Alderman Rd.
        Palm Harbor, FL  34683

    ____  Andrew James Salzman, Esq.
        Zimmet, Unice, Salzman & Feldman, P.A.
        Two Prestige Place
        2650 McCormick Dr., Suite 100
        Clearwater, FL  33759